**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000619
23-JUN-2020
07:54 AM**

NO. CAAP-18-0000619

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
SEAN KEKAULIKE OGATA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTA-17-02774)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Sean Kekaulike Ogata (**Ogata**) was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1).[1] Ogata appeals from the "Notice of Entry of Judgment and/or Order and Plea/Judgment" (**Judgment**),[2] filed on July 6, 2018, and the "Amended Notice of Entry of Judgment and/or Order and Plea/Judgment" (**Amended Judgment**),[3] filed on April 24, 2019, in the District Court of the First Circuit, Honolulu

---

[1] HRS § 291E-61(a) (Supp. 2016) provides, in relevant part:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[2] The Honorable Melanie Mito May signed the Judgment.

[3] The Honorable Sherri-Ann L. Iha signed the Amended Judgment.

Division, State of Hawai'i.  Ogata contends the district court erred by **(1)** partially denying his motion to suppress and **(2)** denying his motion to compel discovery.  We affirm.

The only witnesses called during Ogata's trial were Honolulu Police Department (**HPD**) officers Taylor Patten, Jonathan Roberts Kauka, and John Funtanilla.  Officer Patten testified that at about 6:00 a.m. on Saturday, July 15, 2017,[4] he was on patrol when he received a call about a traffic hazard at the intersection of Kalaniana'ole Highway and 'Āinakoa Avenue.  Officer Patten observed a vehicle stopped on the 'Āinakoa Avenue side of the intersection.  He parked behind the vehicle, activated his blue lights, and walked to the driver-side door.  The engine was running, the vehicle was in drive, and the windows were rolled up.  Ogata was in the driver's seat, leaning back, with his foot on the brake.  He appeared to be either sleeping or unconscious.

Officer Patten knocked on the window and announced, "[p]olice officer."  Ogata did not respond.  Officer Patten raised his voice and repeated the announcement over 10 times.  Officer Patten testified:  "[A]t times [Ogata] would kind of come to, come to it, look at me, and then lean back and either go back to sleep or lose consciousness in some way."

At some point Ogata took his foot off the brake and his vehicle started rolling slowly downhill in the makai direction, through the intersection of 'Āinakoa Avenue and Kalaniana'ole Highway.  HPD officer Siave Seti was also at the scene.  As Ogata's vehicle was moving forward, Officers Patten and Seti told Ogata to "stop the vehicle, put your foot on the brake, put the car in [p]ark[.]"  Ogata's vehicle had rolled through all three 'Ewa-bound lanes of Kalaniana'ole Highway before Officer Seti used his baton to break the window and the police officers were able to stop the vehicle.  After Ogata's vehicle was stopped, Ogata was extracted from his vehicle and placed in handcuffs.  Officer

_____

[4]     We take judicial notice, pursuant to Rule 201 of the Hawaii Rules of Evidence, that July 15, 2017, was a Saturday.

Patten noticed a strong odor of alcohol and observed that Ogata had a hard time standing.

Officer Roberts Kauka, who was also at the scene by then, testified that Ogata was very disoriented, had watery eyes and slurred speech, gave off a strong smell of alcohol, and could not stay on his feet. A third witness, Officer Funtanilla, testified that he observed Ogata at the scene with "red, bloodshot and watery eyes[]" and that Ogata had the odor of alcohol on his breath.

Officer Patten testified that Ogata was not able to respond to questions or verbal commands. He chose not to conduct the standardized field sobriety tests because Ogata "[could] barely stand" and was having "a hard time answering just basic questions." An ambulance was called because Ogata and Officer Seti had received minor cuts from shards of glass when Officer Seti broke the window of Ogata's vehicle. Officer Patten stood by as Ogata was treated in the ambulance, because Ogata was under arrest. Officer Patten heard Ogata tell the paramedic that he had been drinking.

Ogata made an oral motion to suppress after the State rested its case. Ogata argued there was no reasonable suspicion to take Ogata out of his vehicle and handcuff him, which placed him in custody. Ogata requested to suppress everything that happened after Officer Patten approached Ogata's vehicle while it was stopped. Ogata also claimed there was no probable cause to arrest him after he was extracted from his vehicle because sleeping at an intersection and then subsequently rolling through the intersection was not a criminal offense. Thus, Ogata requested everything that happened after he was extracted from his vehicle be suppressed as fruit of the poisonous tree.

The district court granted Ogata's motion to suppress in part, suppressing all statements Ogata made after he was handcuffed. The motion was denied in all other respects. Ogata did not present any witnesses and declined to testify. After closing arguments, the district court found the witnesses who testified credible, and found Ogata guilty of OVUII. This appeal followed.

**(1) The district court did not err by partially denying Ogata's motion to suppress.** We review a trial court's ruling on a motion to suppress de novo, to determine whether the ruling was right or wrong. State v. Spillner, 116 Hawaiʻi 351, 357, 173 P.3d 498, 504 (2007). The movant has the burden of establishing, by a preponderance of the evidence, that the statements or items sought to be excluded were unlawfully secured and that the right to be free from unreasonable searches or seizures was violated under the Fourth Amendment to the United States Constitution and article I, section 7 of the Hawaiʻi Constitution. Id.

> First, we determine whether the person was "seized" within the meaning of the United States and Hawaiʻi Constitutions. Second, if the person was seized, we determine whether the seizure was lawful, i.e., whether the police could have temporarily detained the individual because they have a reasonable suspicion based on specific and articulable facts that criminal activity is afoot. If the seizure was not supported by reasonable suspicion, the seizure was unlawful, and any evidence obtained as a result of the initial seizure is inadmissible at trial.

State v. Weldon, 144 Hawaiʻi 522, 531, 445 P.3d 103, 112 (2019) (cleaned up).

Ogata contends that everything that happened after Officer Patten first approached Ogata's vehicle should have been suppressed, because sleeping at an intersection and then rolling through that intersection are not criminal offenses. We disagree. Under the circumstances of this case, Officer Patten had reasonable suspicion to stop Ogata. After Officer Patten announced that he was a police officer, Ogata woke up, looked at Officer Patten, and then fell back asleep without responding. Officer Patten was entitled to further investigate the situation, whether he thought Ogata was asleep, injured, intoxicated, or drugged. State v. Keller, 403 So.2d 693, 696 (La. 1981) (a police officer seeing a person slumped over a steering wheel in a vehicle with the engine running, at 3:00 a.m., has reasonable suspicion to make an investigatory stop short of an arrest).

When Ogata's vehicle rolled through the intersection and crossed Kalanianaʻole Highway, Officers Patten and Seti were authorized to take steps "reasonably necessary to protect their personal safety and to maintain the status quo during the course

of the stop." <u>United States v. Hensley</u>, 469 U.S. 221, 235 (1985). "Once police have the reasonable suspicion needed to justify an investigatory stop, they may use the forcible means necessary to effectuate that stop, provided their actions are reasonable under the circumstances." <u>United States v. Weaver</u>, 8 F.3d 1240, 1244 (7th Cir. 1993). In this case, Ogata's inability to control his vehicle placed the police officers and the public at risk of harm, in violation of HRS § 291-2.[5]

Officer Patten had probable cause to arrest Ogata for OVUII after Ogata was removed from his vehicle.

> Probable cause exists when the facts and circumstances within one's knowledge and of which one has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been committed. *This requires more than a mere suspicion but less than a certainty.*

<u>State v. Maganis</u>, 109 Hawaiʻi 84, 86, 123 P.3d 679, 681 (2005) (emphasis in original) (citations omitted). While Ogata was being removed from his vehicle, Officer Patten smelled a strong odor of alcohol and observed that Ogata had a hard time standing and could not respond to questions or verbal commands given to him. Officers Roberts Kauka and Funtanilla corroborated that Ogata was very disoriented; had red, bloodshot, and watery eyes; slurred speech; gave off a strong odor of alcohol; and could not stay on his feet. Officer Patten witnessed Ogata operating (or failing to control) his vehicle under this condition. There was probable cause to arrest Ogata for OVUII.

There is no indication that Ogata was advised of his <u>Miranda</u> rights after he was handcuffed, and the district court granted Ogata's motion to suppress his post-arrest statement to the paramedic that he had been drinking, and all other evidence

---

[5]     HRS § 291-2 (2007) provides:

> **§291-2  Reckless driving of vehicle or riding of animals; penalty.**  Whoever operates any vehicle or rides any animal recklessly in disregard of the safety of persons or property is guilty of reckless driving of vehicle or reckless riding of an animal, as appropriate, and shall be fined not more than $1,000 or imprisoned not more than thirty days, or both.

after he was handcuffed.  Even without that evidence, there was sufficient evidence for the district court to find Ogata guilty of OVUII.

**(2)  The district court did not err by denying Ogata's motion to compel discovery**.  Ogata contends the State failed to conduct a search for <u>Brady</u> material concerning misconduct of the officers involved in his case.  In <u>State v. Peseti</u>, 101 Hawaiʻi 172, 65 P.3d 119 (2003), the supreme court adopted the analysis of <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987):

> In the typical case where a defendant makes only a general request for exculpatory material under <u>Brady v. Maryland</u>, 373 U.S. 83, [83 S.Ct. 1194, 10 L.Ed.2d 215] (1963), it is the [prosecution] that decides which information must be disclosed.  Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final. Defense counsel has no constitutional right to conduct [their] own search of the State's files to argue relevance.  <u>See</u> <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559, [97 S.Ct. 837, 51 L.Ed.2d 30] (1977) ("There is no general constitutional right to discovery in a criminal case, and <u>Brady</u> did not create one[.]").

<u>Peseti</u>, 101 Hawaiʻi at 185, 65 P.3d at 132 (citing <u>Ritchie</u>, 480 U.S. at 59-60) (alterations in original).  Ogata did not argue to the district court that specific exculpatory or impeachment evidence existed, as required by <u>Peseti</u>.  The district court did not err by denying Ogata's motion to compel discovery.

Based upon the foregoing, the district court's "Notice of Entry of Judgment and/or Order and Plea/Judgment," filed on July 6, 2018, and "Amended Notice of Entry of Judgment and/or Order and Plea/Judgment," filed on April 24, 2019, are affirmed.

DATED: Honolulu, Hawaiʻi, June 23, 2020.

On the briefs:

Donn Fudo,
for Plaintiff-Appellee.

Alen M. Kaneshiro,
for Defendant-Appellant.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge